IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GERALD A. McGUIGAN,                )
                                   )
            Petitioner,            )    Civ. No.   04-1867-TC
                                   )
      vs.                          )
                                   )
                                   )    FINDINGS AND RECOMMENDATION
                                   )
GUY HALL,                          )
                                   )
            Respondent.            )
_____   )

Coffin, Magistrate Judge:

      Before the court is petitioner's Amended Petition for Writ
of Habeas Corpus (#32).    For the reasons that follow, the
petition should be denied.


                            Background

      Petitioner was indicted on five counts of first-degree sex
abuse, based on allegations that he sexually touched the daughter
of his girlfriend at the time, Cindy Sage.  Resp. Ex. 102.  The
complainant, LS, was six years old at the time of trial.  Tr. 65.
LS had a habit of climbing into bed with Sage and petitioner, who
slept in the nude. She testified that petitioner's "boy private

part" touched her buttocks on a number of occasions and left
ejaculate on her clothing.   Tr. 72-73, 91-92.   The jury also
heard witnesses testify to similar reports from LS and viewed two
videotapes of interviews with LS concerning those events.   Tr.
187, 192-93.

The state's evidence included statements that petitioner
made to two police detectives.   Detective Braziel testified that
petitioner stated that he awoke several times with his penis
against LS's back, and that he often awoke with pre-ejaculate on
his penis.   Tr. 225-26.   Detective Donaca testified that
petitioner stated that he had a "wet dream" while sleeping next
to LS, and when he awoke, some ejaculate was on her clothing.
Tr. 214.

Petitioner testified at trial.   He stated that none of the
sexual touching was ever intentional.   Tr. 225-26.   He explained
that LS and her siblings would come into Sage's bed, and that he
usually slept in the nude.   Tr. 274-316.   He explained that he
had no sexual interest in LS, and that the ejaculate on LS's
clothing resulted from nocturnal emissions.   Tr. 305.

After three-and-a-half days of deliberation, the jury
convicted petitioner on 4 of the five counts.   The court imposed
consecutive sentences on counts one and two, resulting in a 150-
month prison term.   Tr. 527.

The Oregon Court of Appeals affirmed the judgment without an
opinion.   Resp. Ex. 105.   Petitioner filed a petition for post-
conviction relief in Umatilla County Circuit Court.   On one claim
for ineffective assistance of trial counsel, petitioner stated,

1    "Defense counsel did not make appropriate motions and objections

2    at trial to preserve legal issues for later appeal."  Resp. Ex.

3    106.

4        In deposition, respondent asked petitioner to clarify his

5    assertion that his trial counsel failed to make appropriate

6    motions.   The colloquy proceeded as follows:

7

8            Respondent's Counsel: Your final claim is that your
             attorney did not make appropriate motions and
9            objections at trial, and now, what specifically are
             you talking about here?
10
             [Petitioner discusses trial counsel's failure to
11           object to a videotape evidence.]

12           Respondent's Counsel:  Okay, you mentioned that the
             judge put something on the record about the jurors
13           seeing you in shackles,-

14           Petitioner:  Yes.

15           Respondent's Counsel:  - at what point in the trial
             did that place, do you remember?
16
             Petitioner:  Yeah that was like on the - I'm going to
17           say halfway through the second day, halfway through
             the second day of trial, or almost to the end of the
18           second day.

19           Respondent's Counsel:  Okay.

20           * * *

21           Respondent's Counsel:  Okay.  Is there anything else
             you wanted to say about that allegation?
22
             Petitioner:  Uhm, I felt that, you know, the jury
23           seeing me like that definitely set a - you know,
             definitely set a bad example, like, you know, I
24           needed to be in shackles or whatever, but I felt - I
             felt like maybe, you know, I posed a danger to people
25           or something, and I didn't.

26   Resp. Ex. 113, at 14, 17-18.

27        The trial record does not indicate that the judge noted on

28

3 Findings and Recommendation

the record petitioner's exposure to the jury while shackled.
Rather, petitioner's trial counsel, James Jagger, averred that he
did not bring the incident to the judge's attention.    In an
affidavit put before the post-conviction court, Jagger stated:

> Mr. McGuigan advised me that he had been seen by
> the jury while he was in handcuffs.  I thought about
> filing a Motion for Mistrial.  The trial had been
> going very well.  I have been a trial attorney, both
> prosecuting and defending criminal cases, for
> approximately 32 years.  A Defendant has a better
> chance of success in the first trial when there is
> still some element of surprise than in a second
> trial.  My experience is that the prosecuting
> witnesses are better prepared for cross-examination.
> I did not believe that the viewing of the Defendant
> particularly aggravated and made a judgment that our
> best chance for success was at this trial absent a
> Motion for Mistrial.

Resp. Ex. 115, at 2.  The exposure took place outside the court
proceedings, during a recess while petitioner was escorted by
police.  Resp. Ex. 114 at 15.

    At the post-conviction hearing, respondent briefed the
merits of petitioner's argument that his trial counsel was
inadequate for failing to object (or move for a mistrial) based
on petitioner's exposure to the jury while handcuffed.
Petitioner argued to the post-conviction court that his trial
counsel failed to make necessary objections.  See Resp. Ex. 119.

    The post-conviction issued a letter opinion denying
petitioner's claims.  Resp. Ex. 119 at 7.  It discussed the
merits of petitioner's claim concerning his trial counsel's
failure to take action after petitioner's exposure to the jurors,
Resp. Ex. 119 at 2-5, but disposed of the issue for failure to

plead the claim in the post-conviction petition.  Resp. Ex. at 5.

The court instructed respondent's counsel to submit proposed findings of fact and conclusions of law and subsequently adopted them.  The order stated, in part:

### FINDINGS OF FACT

7.   Petitioner received adequate assistance of trial counsel.
8.   Trial counsel adequately investigated petitioner's case.
9.   Petitioner admitted to his crimes. Petitioner told officers that he had woken up rubbing himself against [LS] on several occasions.
10.  Trial counsel chose not to hire an investigator so that he could be personally involved in the investigation.

* * * * *

23.  Trial counsel made all appropriate motions and objections.
24.  Petitioner claimed in his deposition that trial counsel should have moved to suppress the videotape and object that the jury saw petitioner in shackles.
25.  The issue of the jury seeing petitioner in shackles was not specifically plead in petitioner's amended petitioner.

* * * * *

### CONCLUSIONS OF LAW

1. Based on findings of fact set forth above, in the underlying criminal proceedings resulting in petitioner's conviction, petitioner was not denied the right to assistance of counsel, as guaranteed by either the United States Constitution and as articulated by the United States Supreme court in Strickland v. Washington, 466 U.S. 668 (1984), or the Constitution of the State of Oregon.

2. As to pleading issues, because those issues are not included in the petition, they are deemed waived, and petitioner cannot raise them at trial. Petitioner must "select the issues that he wants to litigate" in a post-conviction proceeding . . .

5 Findings and Recommendation

1    Petitioner's claim regarding being shackled is
     barred for failure to plead the issue.
2

3         3. Petitioner did not prove any of his claims
     by a preponderance of the evidence.
4

5    Before the post-conviction court adopted respondent's proposed

6    findings and conclusions, petitioner moved for reconsideration.

7    Resp. Ex. 120.    He stated that he had informed his post-

8    conviction attorney, Mark Mordini, of the shackling issue and

9    "expected him to brief the issue as needed." Id. at 2.  He ended

10   the motion with a prayer for relief stating:

11

12              Respectfully, I request: 1) The Court re-open
           the PCR on the single issue of shackling. 2) Allow
13         further briefing which will give the Oregon Court of
           Appeals a fuller record to draw from. 3) Order
14         Counsel of Record Mark Mordini to submit an
           affidavit outlining my prior discussions with him on
15         the shackling issue.

16              The issue cannot prejudice the State's position
           Your Honor.  In fact, it will do the opposite, by
17         conserving precious judicial resources in the event
           the Court of Appeals remands this issue for further
18         consideration at this PCR level.  This expense can
           be avoided at this time by allowing further briefing
19         on this single issue.

20   Id. at 3.   The court adopted respondent's proposed findings of

21   fact and conclusions of law and dismissed the petition.   Resp.

22   Ex. 122.

23        Petitioner appealed, assigning error to the post-conviction

24   judge's determination that he had not pleaded as inadequate

25   assistance his trial counsel's failure to make an appropriate

26   motion after learning that petitioner had been exposed to the

27   jurors while shackled. Resp. Ex. 123, at 2-10.  The Oregon Court

28

1    of Appeals affirmed the post-conviction judgment without an

2    opinion. Resp. Ex 128.

3       In this habeas corpus case, petitioner against raises the

4    claim of ineffective assistance of counsel.[1] He asserts that his

5    trial counsel failed to seek any curative remedy after learning

6    that petitioner had been exposed the jurors while shackled.

7    Respondent asserts that the issue is procedurally defaulted

8    because it was not properly raised before the post-conviction

9    court. For the reasons that follow, petitioner's claim is

10   defaulted and should be denied.

11

12                     <u>Discussion</u>

13       Before a habeas court may address the merits of a

14   petitioner's claims, it must determine whether the petitioner

15   ensured that the relevant tribunals had the opportunity to

16   address the claim that is later articulated in the habeas

17   petition. <u>Coleman v. Thompson</u>, 501 U.S. 722, 730-32 (1991).

18   Otherwise, "habeas would offer state prisoners whose custody was

19   supported by independent and adequate state grounds an end run

20   around the limits of this Court's jurisdiction and a means to

21   undermine the State's interest in enforcing its laws." <u>Id.</u> at

22   731. When "the court to which petitioner would be required to

23   present his claims in order to meet the exhaustion requirement

24   [finds] the claims procedurally barred," the petitioner's

25   default ordinarily bars the habeas claim. <u>Id.</u> at 735, n.1.

26

27       [1] Petitioner asserted two additional claims but did not brief
them. The court does not recommend relief on the untraversed claims.

28   28 U.S.C. § 2248.

7 Findings and Recommendation

1   Respondent asserts that petitioner's claims are procedurally

2   barred because petitioner did not fairly present his claim to the

3   post-conviction trial court.    Respondent points out that, under

4   Oregon's Post-Conviction Hearing Act, the post-conviction court

5   lacked the authority to hear matters not specifically pleaded in

6   the petition.    Thus, in respondent's view, the insufficient

7   specificity in petitioner's claim concerning trial counsel's

8   failure to make "appropriate motions" prohibited the PCR court

9   from   considering   the   *unpleaded*   specification   concerning

10  petitioner's exposure to the jury while shackled.

11  Petitioner, on the other hand, contends that the pleading

12  defect should not constitute procedural default because the

13  respondent and trial court had actual notice of the shackling

14  issue and addressed its merits.    In petitioner's view, procedural

15  default should not lie where judicial resources were directed at

16  the issue at the trial level and no party was prejudiced by the

17  unspecific pleading.    Petitioner adds that, in a case that hinged

18  on petitioner's credibility, the exposure while shackled was

19  highly prejudicial.    Petitioner further argues that procedural

20  default cannot apply in this case because the procedural rules

21  that guided the post-conviction trial court to dismiss the

22  shackling-based claim were not well established or regularly

23  applied.

24  In this case, respondent's arguments are well taken.    A

25  federal habeas court may not review a state court's application

26  of the state procedural rule that effects a procedural default.

27  <u>Estelle v. McGuire</u>, 502 U.S. 62, 67-68 (1991).    The federal court

28

may, however, determine that a state-court default does not constitute procedural default, on the basis that the state procedural rule resulting in the default is unclear, not well established, or inconsistently applied at the time of the post-conviction trial.  <u>Dugger v. Adams</u>, 489 U.S. 401, 410, n.6 (1989).

The rule at issue in this case is Or. Rev. Stat. § 138.580:

> The petition shall be certified by the petitioner. Facts within the personal knowledge of the petitioner and the authenticity of all documents and exhibits included in or attached to the petition must be sworn to affirmatively as true and correct.  The Supreme Court, by rule, may prescribe the form of the certification.  The petition shall identify the proceedings in which petitioner was convicted and any appellate proceedings thereon, give the date of entry of judgment and sentence complained of and identify any previous post-conviction proceedings that the petitioner has undertaken to secure a post-conviction remedy, whether under ORS 138.510 to 138.680 or otherwise, and the disposition thereof. The petition shall set forth specifically the grounds upon which relief is claimed, and shall state clearly the relief desired.  All facts within the personal knowledge of the petitioner shall be set forth separately from the other allegations of fact and shall be certified as heretofore provided in this section. Affidavits, records or other documentary evidence supporting the allegations of the petition shall be attached to the petition. Argument, citations and discussion of authorities shall be omitted from the petition but may be submitted in a separate memorandum of law.

The rule sets forth a number of requirements.  The petitioner is required to (1) "set forth specifically the grounds upon which relief is claimed"; (2) "swear to affirmatively" "[f]acts within the personal knowledge of the petitioner" included in the petition; and (3) set forth facts separately from the other allegations.

Under Oregon law, a petitioner meets these requirements only

9 Findings and Recommendation

by explaining specifically in the petition how relief is justified with respect to each claim. Thus, in Pinnell v. Palmateer, 114 P.3d 515, 530 (Or. App. 2005), rev. denied, 114 P.3d 515 (Or. 2006), a post-conviction petition that "vaguely alleged that criminal trial counsel failed to adequately question and pursue various prospective jurors for establishing bases for a challenge" did not properly plead the claim that counsel was inadequate for failing to question "obviously biased" jurors or "exercise necessary challenges" during voir dire. Similarly, in Bowen v. Johnson, 999 P.2d 1159, 1160 (Or. App. 2000), a petition that asserted that petitioner was deprived of effective counsel "in several ways" and which asserted that the jury instructions were confusing did not suffice to plead that trial counsel was ineffective for failing to challenge the instructions.

Here, petitioner did not set forth shackling-based grounds in the petition to support his the ineffective assistance of counsel claim. Rather, he stated, "Defense counsel did not make appropriate motions and objections at trial to preserve legal issues for appeal." Ex. 106, at 3. Under Oregon post-conviction procedural law, his pleading was inadequate. There were no specifically pleaded grounds, nor did petitioner state the allegations concerning his shackling. Nor did petitioner swear to facts within the petition concerning shackling.

I see no evidence that the rule has been inconsistently applied, lacks clarity, or is not well established; rather the searching discussions of Or. Rev. Stat. § 138.580 set forth clear standards for post-conviction courts to follow.

1    Petitioner's equity arguments, though well stated and

2    sensible, cannot overcome the default.  Under Oregon law, the

3    post-conviction court is strictly limited to hearing only

4    specifications pleaded in the petition.  It has a duty to

5    determine whether a claim is sufficiently pleaded before ruling

6    on it, and it lacks the authority to decide other matters.

7    Bowen, 999 P.2d at 1161.  Thus, even though the post-conviction

8    court was apprised of the basis for petitioner's claim outside

9    the scope of the pleading, ruling on its merits would have

10   invited reversal under Bowen.[2]

12                          Conclusion

13       For the foregoing reasons, petitioner's Amended Petition for

14   Writ of Habeas Corpus (#32) should be denied and the case

15   dismissed.

16       This recommendation is not an order that is immediately

17   appealable to the Ninth Circuit Court of Appeals.  Any notice of

18   appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate

19   Procedure, should not be filed until entry of the district

21   _____

     [2] I add that, even if petitioner's claim were not defaulted, he
     would not prevail on the merits.  Under Strickland v. Washington, 466
22   U.S. 668 (1984), petitioner must overcome the presumption that, "under
     the circumstances, the challenged action might be considered sound
23   trial strategy."  Here, petitioner's trial counsel evaluated the
     incident, determined that the exposure was not "particularly
24   aggravated," and concluded that petitioner's "best chance of success"
     was to continue with the trial, which was going "very well."  In his
25   view, to move for a mistrial would introduce the possibility that
     prosecuting witnesses would be better prepared at a second trial, and
26   the element of surprise would not work in petitioner's favor.  "A
     jury's brief or inadvertent glimpse of a defendant in physical
27   restraints outside of the courtroom" does not warrant habeas relief
     absent "an affirmative showing of actual prejudice."  Rhoden v.
28   Rowland, 172 F.3d 633, 636 (9th Cir. 1999).

     11 Findings and Recommendation

court's judgment or appealable order.  The parties shall have ten days from the date of service of a copy of this recommendation within which to file specific written objections.  Failure to timely file objections to any factual determinations of the Magistrate Judge will be considered a waiver of a party's right to de novo consideration of the factual issue and will constitute a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the Magistrate Judge's recommendation.

Dated this ___4th___ day of January, 2008.


THOMAS M. COFFIN
United States Magistrate Judge